UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 6:24-cr-261-GAP-EJK

18 U.S.C. 875(c) (Interstate Threat to Injure Another)

ALAN W. FILION,
   a/k/a "Nazgul Swattings,"
   a/k/a "Torswats V3,"
   a/k/a "Third Reich of Kiwiswats,"
   a/k/a "The Table Swats,"
   a/k/a "Angmar," and
   a/k/a "Torswats"

## INFORMATION

The United States Attorney Charges:

## COUNT ONE
(Interstate Threat to Injure Another)

### A. Introduction

1. At all times relevant to this information, the defendant, ALAN W. FILION ("FILION"), currently 17 years old, lived in Lancaster, California.

2. From in or about August 2022 through in or about early January 2024, FILION transmitted more than 375 swatting, hoax, and threat calls throughout the United States. Swatting is a criminal harassment tactic that involves a false report that a violent crime or other emergency was underway in order to elicit a response from police or emergency services. Because swatting calls involve deceiving dispatchers into believing that there is a critical, life-or-death situation unfolding at

the victim's address, these incidents often tie up significant law enforcement and emergency services resources, thereby diverting them from being available to respond to any real emergencies. On numerous occasions, FILION's swatting activities caused armed police responses to the supposed crime scenes.

3. As a variation of his "swatting" activities, FILION made hoax telephone calls to authorities, falsely reporting bomb threats or imminent mass shootings at schools and religious institutions. On many occasions, these calls caused authorities to evacuate the targeted locations. In some calls, FILION provided law enforcement with a false name or made false claims that he and/or other named individuals had committed or intended to imminently commit violent crimes.

4. FILION used various methods to obscure his identity and evade detection by law enforcement. He assumed numerous identities to obtain social media accounts, and he drew upon a wide variety of display names and usernames in the online platforms. He used numerous Voice over Internet Protocol (VoIP) accounts, and in some cases he deployed text-to-speech programs or other means to disguise his voice. FILION also obtained internet services through a Virtual Private Network hosted in a foreign country.

5. FILION made swatting and threat calls for recreation and profit. He advertised his swatting-for-a-fee services on social media platforms, setting out a fee structure for calls that would elicit a "major police response" and "bomb threat/mass

shooting threat[s]" that would "shut down the school or public location for a day."

### B. The Crime

6.    On or about May 12, 2023, in the Middle District of Florida and elsewhere, the defendant, a male juvenile,

> ALAN W. FILION,
> a/k/a "Nazgul Swattings,"
> a/k/a "Torswats V3,"
> a/k/a "Third Reich of Kiwiswats,"
> a/k/a "The Table Swats,"
> a/k/a "Angmar," and
> a/k/a "Torswats,"

did knowingly transmit in interstate and foreign commerce a communication containing a threat to injure the person of another, with the intent to communicate a true threat of violence and with recklessness as to whether the communication would be viewed as a true threat of violence; that is, the defendant called an emergency response number in Sanford, Florida, said that he had an illegally modified AR-15 rifle, a Glock 17 pistol, pipe bombs, and Molotov cocktails, and that he was going to imminently "commit a mass shooting" at a religious institution in Sanford and "kill everyone" he saw.

In violation of 18 U.S.C. § 875(c).

### COUNT TWO
(Interstate Threat to Injure Another)

1.    The allegations in paragraphs One through Five of Count One of this Information are realleged and reincorporated herein.

2.    On or about May 18, 2023, in the Northern District of Florida and

3

elsewhere, the defendant,

ALAN W. FILION,
a/k/a "Nazgul Swattings,"
a/k/a "Torswats V3,"
a/k/a "Third Reich of Kiwiswats,"
a/k/a "The Table Swats,"
a/k/a "Angmar," and
a/k/a "Torswats,"

did knowingly transmit in interstate and foreign commerce a communication containing a threat to injure the person of another, with the intent to communicate a true threat of violence and with recklessness as to whether the communication would be viewed as a true threat of violence; that is, the defendant called Campus Police at a Historically Black College & University (HBCU) and said that bombs had been placed in the ceilings of campus housing buildings that would detonate in about an hour.

In violation of 18 U.S.C. § 875(c).

## COUNT THREE
(Interstate Threat to Injure Another)

1. The allegations in paragraphs One through Five of Count One of this Information are realleged and reincorporated herein.

2. On or about October 10, 2022, in the Western District of Washington and elsewhere, the defendant,

ALAN W. FILION,
a/k/a "Nazgul Swattings,"
a/k/a "Torswats V3,"
a/k/a "Third Reich of Kiwiswats,"
a/k/a "The Table Swats,"

4

a/k/a "Angmar," and
a/k/a "Torswats,"

did knowingly transmit in interstate and foreign commerce a communication containing a threat to injure the person of another, with the intent to communicate a true threat of violence and with recklessness as to whether the communication would be viewed as a true threat of violence; that is, the defendant called a High School in Skagit County, Washington, and left a recorded voicemail message that included the following:

> Tomorrow, October 11, 2022, I am going to commit a school shooting with my AR-15 and Glock. I will kill as many kids as I can and then I will shoot myself. I have pipe bombs that I have placed in the bathrooms, ceiling tiles, and trashcans all around the school that are set to detonate right before class starts, killing everybody and collapsing the roof. I am doing this because I am sick and tired of all the f****** in my school. I want to kill all of the f****** because they are disgusting and degenerate. You sick, god-hating infidels are going to pay. May Allah praise my actions.

In violation of 18 U.S.C. § 875(c).

It is further alleged that the Defendant intentionally selected his intended victims—members of the LGBTQ community—as the objects of his threat based on their actual and perceived sexual orientation.

## COUNT FOUR
(Interstate Threat to Injure Another)

1. The allegations in paragraphs One through Five of Count One of this Information are realleged and reincorporated herein.

2. On or about July 10, 2023, in the Western District of Texas and elsewhere, the defendant,

>ALAN W. FILION,
>a/k/a "Nazgul Swattings,"
>a/k/a "Torswats V3,"
>a/k/a "Third Reich of Kiwiswats,"
>a/k/a "The Table Swats,"
>a/k/a "Angmar," and
>a/k/a "Torswats,"

did knowingly transmit in interstate and foreign commerce a communication containing a threat to injure the person of another, with the intent to communicate a true threat of violence and with recklessness as to whether the communication would be viewed as a true threat of violence; that is, the defendant called a local police department, falsely identified himself as Official Victim-1, a senior federal law-enforcement officer, provided Official Victim-1's residential address, told the dispatcher that he was armed with an AR-15 rifle, that he had killed his (Official Victim-1's) mother, that he would kill himself, and that he would kill law-enforcement officers if they responded.

In violation of 18 U.S.C. § 875(c)

## FORFEITURE

1. The allegations contained in Count One through Four are incorporated

6

by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 875, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

ROGER B. HANDBERG
United States Attorney

By: */s/ Cherie L. Krigsman/*
Cherie L. Krigsman
Assistant United States Attorney
Deputy Chief, National Security Section

By: */s/ Cherie L. Krigsman/* AUSA
for Daniel J. Marcet
Assistant United States Attorney
Chief, National Security Section

By: */s/ Kara Wick/*
Kara Wick
Assistant United States Attorney

8